## ISSENHUTH v. RIEGEL.

Covenants in a contract of sale of the controlling interest in a corporation, the par value of the stock of which was $40,000, that the financial condition of the company at the time of delivery of the stock in goods, accounts, and moneys shall aggregate $40,000, plus any profits that may have accrued since the commencement of the business, less the legitimate expenses of the company, and that it has either the goods, moneys, or accounts representing the full amount of moneys paid in for stock, or $40,000, less current expenses paid and plus any profit that may have accrued since the commencement of the company's business are not to the effect that the property represented by the corporation should equal $40,000.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Beadle County. Hon. CHARLES S. WHITING, Judge.

Action by Charles C. Issenhuth against Andrew Riegel. Judgment for defendant. Plaintiff appeals. Affirmed.

*Wm. Issenhuth,* for appellant. *T. H. Null,* for respondent.

CORSON, J. This is an action by the plaintiff to recover of the defendant the sum of $3,952.68 claimed to be due him on account of the breach of a contract. Findings and judgment being in favor of the defendant, the plaintiff has appealed. The action is based upon a contract, the material parts of which are as follows: "This agreement, made and entered into this 26th day of September, A. D. 1902, by and between Andrew Riegel, * * * party of the first part, and C. C. Issenhuth * * * party of the second part, witnesseth: That said party of the first part has this day contracted to sell and does hereby sell to the said party of the second part two hundred and seventy-five (275) shares of the capital stock of the George M. Read Company of Huron, South Dakota; said shares, being of the par value of one hundred dollars ($100) each and being all fully paid up. * * * The said party of the second part here-

by agrees to pay for the said two hundred and seventy-five (275) shares of stock as aforesaid the sum of twenty-seven thousand five hundred dollars ($27,500) in cash at the time of the delivery of said stock, duly assigned to the party of the second part by the said party of the first part. Said party of the first part hereby agrees to, and with, said party of the second part, that the said two hundred and seventy-five (275) shares of stock at the time of the delivery of the contract constitute the controlling interest in the George M. Read Company, and that said party of the first part further covenants and agrees that all the stock issued and outstanding in said corporation at the time of making this contract is four hundred (400) shares of stock of the par value of forty thousand dollars ($40,000) and that each of the said shares are paid up in full. * * * The said party of the first part also covenants and agrees that the financial condition of the said company at the time of the delivery of this stock and the assumption of the management of said company, in goods, accounts and moneys shall aggregate the sum of forty thousand ($40,000) dollars plus any profits that may have accrued since the commencement of the business, less the legitimate expenses of the company. Said party of the first part also covenants and agrees that there are no outstanding obligations or liabilities of the company excepting what it owes for goods duly contracted for and delivered to it, and that it has either the goods, moneys or accounts representing the full amount of moneys paid in for capital stock or for the forty thousand dollars ($40,000) less current expenses paid and plus any profit that may have accrued since the commencement of the business of the George M. Read Company."

At the time of the execution of the contract the plaintiff paid $1,000 in cash and was given 30 days in which to take an account of the stock of goods owned by said George M. Read Company. Said examination was made and the stock of said company appeared by the invoices, books of account, etc., to be of the value of $40,040; but plaintiff alleges that by reason of errors made in taking the account of said stock, bills receivable, bills payable, profits, expenses, etc., the actual value of the said property as represented by the said capital stock was $36,837.70, and the court so finds. The

court, notwithstanding this finding, concludes as a matter of law that there was no breach of the contract and that plaintiff was not entitled to recover thereon. The case comes to this court on the pleadings, findings of the court, and judgment. The principal question arises in this case upon the construction of the two last clauses of the contract. It will be noticed that the defendant covenants and agrees that the financial condition of said company, at the time of the delivering of the stock and the assumption of the management of said company by the plaintiff, in accounts, goods, and moneys, shall aggregate the sum of $40,000, plus any profits that may have accrued since the commencement of the business, and less the legitimate expenses of the company. It is contended by the appellant that the covenant in this case was that the stock, at the time of the assumption of the management of said company, in goods, accounts, and moneys, should aggregate the sum of $40,000; but this clause must be read in connection with the balance of the clause which provides that the amount shall be $40,000 plus any profit and less the legitimate expenses of the company. The court, in its finding, finds that the profit was the sum of $1,127.42 and that the legitimate expenses were $4,289.72, and hence that there was no breach of the covenant. We are inclined to take the view that the construction placed upon this clause by the court is the correct one, and that under the findings of the court there was, in fact, no breach of the covenant. It will also be noticed that the defendant, in the second clause, covenants that the corporation either has goods, moneys, or accounts representing the full amount of money paid in for capital stock, namely, $40,000, less current expenses and plus any profit.

It is contended by the appellant that it was the intention of the parties that the property represented by the corporation should equal $40,000, or the par value of its capital stock; but the court is not at liberty to conjecture as to what the intention of the parties was, except so far as that intention can be determined from the language used in the contract. And certainly the language used will not bear the construction contended for by appellant. Had the words "plus profits" and "less legitimate expenses" been omitted, possibly the construction contended for by appellant might have been the correct one; but the qualifying words used very materially

qualify the other clauses of the contract. This view is strengthened by the fourth finding of the court, in which the court, among other things, finds that the "plaintiff, assisted by the officers and employes of said company, made an examination and inventory of the affairs and assets of said company. Upon the completion of such examination and inventory the plaintiff paid defendant the balance" according to the terms of said contract. It does not affirmatively appear that the defendant was present or took any part in taking said inventory, and there is no claim on the part of the appellant that the defendant made any misrepresentation or by collusion with the officers of the company, or otherwise sought in any manner to mislead the plaintiff in taking the inventory above referred to. There is no implied warranty on the part of the defendant that the inventory taken was correct, or that no mistakes had been made therein, or that the stock was of the value of $100 per share. Section 1323, Civ. Code, provides: "Except as prescribed by this article a mere contract of sale or agreement to sell does not imply a warranty." McCormick H. M. Co. v. Watson, 5 S. D. 10, 57 N. W. 945; Bank v. Kurtz, 99 Pa. 344, 44 Am. Rep. 112; Allen v. Pegram, 16 Iowa, 163; Renton v. Maryott et al., 21 N. J. Eq. 123. The contract in controversy in this action does not come within any of the exceptions contained in the article upon the subject of warranty. There being no breach of the defendant's express covenants, and no breach of any implied covenants, there would seem to be no theory upon which the plaintiff was entitled to recover in this action.

The judgment of the circuit court is affirmed.